**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | :   Case No. 1:22-CR-00318-TSC |
| | : |
| **RICHARD WINCHESTER,** | : |
| | : |
| Defendant. | : |

**STATEMENT OF OFFENSE**

**A.   ELEMENTS OF OFFENSE**

The parties in this case, the United States of America and the defendant, **RICHARD WINCHESTER** ("defendant"), stipulate and agree that the following constitute the elements of the offenses to which he is pleading guilty to.

**Count 1.** Unlawful Distribution of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

1. The defendant knowingly or intentionally distributed cocaine base.

2. The substance was in fact cocaine base.

**Count 2.** Unlawful Distribution of a Mixture and Substance Containing a Detectable Amount of Oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

1. The defendant knowingly or intentionally distributed oxycodone.

2. The substance was in fact oxycodone.

**Count 3.** Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

1. The defendant knowingly or intentionally possessed marijuana as charged

2. The substance was in fact marijuana

3. The defendant possessed the substance with the intent to distribute it

**Count 5.** Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i))

1. The defendant committed the elements of a crime of violence or drug trafficking crime prosecutable in federal court;

2. The defendant knowingly used, carried or possessed a firearm.

3. The use or carrying of the firearm was during and in relation to, or the possession of the firearm was in furtherance of, the defendant's crime of violence or drug trafficking crime.

**B.    PENALTIES**

**Counts 1 and 2.** A conviction for a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) carries a maximum sentence of 20 years of imprisonment; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $1,000,000, a term of supervised release of not less than 3 years and up to life; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**Count 3.** A conviction for a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D) carries a maximum sentence of 5 years of imprisonment; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $250,000, a term of supervised release of not less than 2 years and up to life; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**Count 5.** A conviction for a violation of 18 U.S.C. § 924(c)(1)(A)(i) carries a mandatory minimum sentence of 5 years of imprisonment, consecutive to any other sentence imposed, and a maximum sentence of life imprisonment; a fine of $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 5 years, pursuant to 18 U.S.C. § 3583(b)(1) and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**C.    FACTS**

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the defendant, but is instead a statement of facts intended to provide the necessary factual predicate for the guilty plea in this case. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for entry of the defendant's plea of guilty. The United States and the defendant agree and stipulate as follows:

1. On or about December 3, 2013, the defendant was convicted and sentenced for a

felony drug trafficking offense. The defendant was convicted of Possession with Intent to Distribute a Controlled Substance (Cocaine) and was sentenced to 20 months incarceration, of which 2 months was suspended. The conviction was in D.C. Superior Court Case No 2013 CF2 009024.

2. At the beginning of December 2021, members of the ATF/MPD Investigations Unit received information that the defendant, a convicted felon with prior felony convictions, possessed multiple firearms while distributing illegal drugs.

3. Based on multiple surveillance operations on the defendant that showed activity consistent with drug sales, law enforcement officers obtained an anticipatory search warrant for the defendant's residence.

4. On January 26, 2022, Metropolitan Police Department conducted an undercover purchase of controlled substances from the defendant at approximately 5:00 p.m., in and around the 1500 block of Alabama Avenue SE in the District of Columbia. An undercover officer contacted the defendant by telephone to arrange for the purchase of controlled substances. During the telephone call, defendant agreed to meet in the parking lot of a Wells Fargo Bank in the 1500 block of Alabama Avenue SE and distribute to the undercover officer oxycodone and crack cocaine.

5. On the same date, the defendant met with the undercover officer and in exchange for the undercover officer providing $360, the defendant distributed five blue oxycodone pills, each marked "M/30" and a white rock-like substance. The substances the defendant distributed were in fact crack cocaine and oxycodone.

6. Following the undercover purchase described above, MPD members and federal law enforcement agents executed a D.C. Superior Court Search Warrant in the 3000

block of Stanton Road SE, Washington DC. Law enforcement previously observed the defendant leaving the premises immediately prior to distributing the illegal substances during above-referenced undercover purchase. The defendant in fact resided at the residence in the 3000 block of Stanton Road SE, Washington DC.

7. During the execution of the search warrant, law enforcement discovered the following in the defendant's bedroom: In a dresser drawer, a Glock Model 23, .40 caliber firearm equipped with a laser sight. The firearm was loaded with one round in the chamber and additional rounds in the magazine. The firearm's serial number appeared to have been intentionally damaged due to grinding at two locations where the serial number was located, obliterating the serial number. The firearm had a device installed on the rear of the firearm in the location where the slide cover plate is installed. The device is a machinegun conversion device often referred to as a "Glock switch." The Glock switch converted this firearm into a machine gun which shoots and is designed to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The defendant knew that this weapon would function as a machine gun. The defendant purchased and possessed the firearm knowing that it would function as a machine gun.

8. In the same bedroom as the Glock firearm, law enforcement agents recovered two white pills each marked "RP 10" which are in fact oxycodone pills, six clear bags of marijuana weighing approximately 304 grams in total, two large plastic bags each containing approximately 450 grams of marijuana, marijuana packaging bags, a digital scale; a 50-round drum magazine; and a box of .40 caliber ammunition. Elsewhere in the defendant's house, law enforcement found additional quantities

      of marijuana, packaging, digital scales, a black and silver Smith and Wesson, .40 caliber handgun with a laser site and magazine, and U.S. currency.

9. The defendant possessed $82,000 in cash. This case was derived from the proceeds of drug transactions made by the defendant.

10. The defendant distributed at least 3.5 grams of crack cocaine and 300 milligrams of oxycodone.

11. The defendant possessed with the intent to distribute at least 1,422 grams of marijuana.

12. The defendant's knowing possession of the Glock Model 23, .40 caliber firearm, with Glock switch that enabled it to fire as a machine gun, was possessed in furtherance of the defendant's crime of drug trafficking.

      Respectfully Submitted,

By: */s/ Alexander R. Schneider*
Alexander R. Schneider
Special Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20579
(202) 252-7124
alexander.schneider@usdoj.gov

DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Todd S. Baldwin, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date 4-23-23

RICHARD WINCHESTER
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed fully it with my client, RICHARD WINCHESTER. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 4-23-23

Todd S. Baldwin, Esq.
Attorney for Defendant